## Haser et ux. *v.* Allegheny County, Appellant.

Argued May 26, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Walter P. Smart,* Assistant County Solicitor, with him *Charles A. Jones,* County Solicitor, for appellant.

*John B. Nicklas, Jr.,* of *McCrady, McClure, Nicklas & Hirschfield,* for appellees, was not heard.

OPINION BY MR. JUSTICE LINN, June 26, 1936:

This appeal is from judgment on a verdict in a state highway condemnation case. The single question stated by appellant for review is whether the county is liable for the damages resulting from the change of the bed of a creek. The parties have agreed to a statement of facts under Rule 56; one of which is: "In order to straighten and improve State Highway Route No. 72, plans were prepared by the State Highway Department and approved by the Governor September 30, 1930. Work was begun November 12, 1930, and was finished October 7, 1931." By the legislation[1] then in force the county[2] was made liable for resulting damages.

The plaintiff owned a tract of land irregular in shape, containing 57,950 square feet, abutting on what the record designates as "old Butler Road," State Highway Route No. 72. Pine Creek flowed through the tract to a

---

[1] Section 16 of the Act of May 31, 1911, P. L. 468, as amended by the Act of May 4, 1927, P. L. 692, 36 PS section 171.

[2] A subsequent amendment of April 13, 1933, P. L. 41, also amended January 2, 1934, P. L. 209, section 1, 36 PS section 171, provided that the county should not be liable unless it agreed to be so.

point where the highway was carried over the creek by a bridge. To carry out the adopted plan, the highway was moved somewhat westward from its original location and was widened to sixty feet. This location occupied the entire creek bed for part of the way and a portion of it for another part of the highway. It was obviously not deemed feasible to bridge the stream at the angle appearing. To accomplish what was necessary, the stream bed was straightened and moved to the edge of the state highway for part of the way and in such manner as to continue to flow under the old Butler Road by the same channel formerly occupied at that point and to occupy a considerably larger portion of plaintiff's property than it had prior thereto. This solution of the practical difficulties arising in the necessary widening and relocation of the highway, was within the jurisdiction of the state highway department put in charge of the subject by the statute: see section 8. Moving the location of the bed of the creek to make room for the relocation and improvement of the highway and relocating and improving it, as the record shows, was obviously a single public act, and not two separate acts as appellant suggests (compare *Schmidt v. Allegheny County*, 303 Pa. 560, 154 A. 803), for one of which the county is conceded to be liable and for the other of which immunity is claimed. If the acts were separated for purposes of consideration, it would still be necessary to conclude, as the learned trial judge said, that the change in the bed of the stream was a necessary and incidental part of the execution of the highway plan adopted. To make the whole improvement, 46,520 square feet of the plaintiff's land were taken. The amount of the verdict is not questioned. The amendment of May 4, 1927, P. L. 692, 36 PS section 171, provided that "such damages, when ascertained, shall be paid by the county in which the State highway is located."

Judgment affirmed.